## Price
## v.
## Industrial Comm'n. of Ohio
*[Cite as 8 AOA 12]*

*Case No. C-890736*
*Hamilton County, (1st)*
*Decided December 12, 1990*

*Paul A. Nidich, 800 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General, and Hilla M. Zerbst, 35 East Seventh Street, Cincinnati, Ohio 45202, for Defendant-Appellee.*

*William J. Wahoff and Nathan C. Hamilton, Squire, Sanders & Dempsey, BancOhio National Plaza, 155 East Broad Street, Columbus, Ohio 43215, for Defendant-Appellant.*

**Per Curiam.**

Defendant-appellant, United Parcel Service, Inc. ("UPS"), filed a motion to terminate the temporary total disability compensation being received by plaintiff-appellee, Melanie Dawn Price. A district hearing officer terminated Price's disability payments as of September 8, 1987. UPS appealed to the Dayton Regional Board of Review, which determined that Price's disability payments should terminate as of April 9, 1987. UPS and Price appealed this decision to the industrial commission. The commission's staff hearing officers reinstated Price's temporary total disability payments.

UPS then appealed the industrial commission's decision to the court of common pleas. In that appeal, UPS argued that the industrial commission erred in reinstating Price's disability payments since it lacked jurisdiction to extend the payments beyond September 8, 1987, because Price failed to appeal the decision of the district hearing officer. The court of common pleas dismissed the appeal, concluding that it lacked jurisdiction over the case pursuant to R.C. 4123.519.

UPS appealed the decision of the court of common pleas to this court. In its sole assignment of error, UPS contends that the court of common pleas erred in dismissing its appeal. We agree.

R.C. 4123.519 provides, in pertinent part, as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of Section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas ***."

The court of common pleas determined that the appeal by UPS from the decision of the industrial commission involved issues solely concerning the extent of disability. The court of common pleas, therefore, dismissed the appeal for lack of jurisdiction.

However, we hold that UPS's appeal to the court of common pleas involved issues concerning the jurisdiction of the industrial commission to reinstate Price's disability payments. The jurisdiction of the industrial commission to make an award is appealable to the court of common pleas because it is outside the scope of the "extent of disability." *Butler v. Pittsburgh Plate Glass Co.* (1960), 171 Ohio St. 19, 168 N.E.2d 150; *Metropolitan Life Ins. Co. v. Benson* (Dec. 20, 1984), Cuyahoga App. No. 47689, unreported. Accordingly, the court of common pleas had jurisdiction over UPS's appeal from the industrial commission.

The judgment of the court of common pleas is reversed, and this cause is remanded for further proceedings in accordance with the law.

SHANNON, P.J., HILDEBRANDT and GORMAN, J.J.